# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**IN RE: REGINA BERGLASS HEISLER**                    CIVIL ACTION

                                                                     NO. 21-176

                                                                     SECTION: "E" (5)

## ORDER

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Bankruptcy Procedure 8013 filed by Girod LoanCo, LLC ("Girod").[1]

Appellant is appealing an order of the Bankruptcy Court dated January 19, 2021 granting Girod's motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(2).[2] In that order, the Bankruptcy Court lifted the stay which had been imposed on two civil actions pending in Louisiana state courts and ordered that only the Chapter 7 Trustee held the authority to file any pleadings on Appellant's behalf, in Appellant's individual capacity as the Debtor.[3]

On December 8, 2020, Girod filed a Motion to Lift the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) in the *Heisler* Action ( "Girod's Motion to Lift").[4] That same day, Girod filed a "Notice of Hearing" informing Appellant and interested parties of the Bankruptcy Court hearing to be held on January 6, 2021 considering Girod's Motion to

---

[1] R. Doc. 10. Appellant did not file a response in opposition by the May 4, 2021 deadline.

[2] *In re: Regina Berglass Heisler*, No. 20-11509 (Bankr. E.D. La.) (herein referred to as the "*Heisler* Bankruptcy Action"), ECF. No. 173.

[3] *Id.* The two state court civil actions are *Girod LoanCo, LLC v. Regina B. Heisler*, Civ. No. 793-014 "D" (24th Jud. Dist. Ct. Jefferson Parish, La.) and *Charles Schwab & Co., Inc. v. Girod LoanCo, LLC and Regina B. Heisler*, 2018-4693 "N", (Orleans Parish CDC, La.). "Any court filing on behalf of the Debtor in her individual capacity must be made by the Chapter 7 Trustee." *Id.*

[4] *Heisler* Action, ECF No. 135. In its motion, Girod sought permission "to proceed with a state-court foreclosure action against commercial property co-owned by the Debtor, Regina Berglass Heisler ("the Debtor"), and the Succession of Frederick P. Heisler (the "Succession")." *Id.*

Lift.[5] The notice instructed that any objection to the motion must be filed with the Clerk of the Bankruptcy Court no later than seven days prior to the hearing date.[6] On December 8, 2020, Girod filed a Certificate of Service certifying it had mailed a copy of Girod's Motion to Lift with attachments to Appellant and e-mailed the same documents to Appellant's daughter and to the person who held Appellant's power of attorney, Dayna Heisler.[7] Appellant filed no opposition to Girod's motion.[8] On January 6, 2021, the Bankruptcy Court held a hearing on Girod's Motion to Lift.[9] The United States Trustee; Girod Loanco, LLC; the Chapter 7 Trustee; and Creditor Henry L. Klein appeared at the telephonic hearing.[10] Appellant did not make an appearance. On January 19, 2021, the Bankruptcy Court entered an order granting Girod's Motion to Lift.[11]

In its motion to dismiss, Girod argues Appellant lacks standing because: (1) she lacks the requisite pecuniary interest as a Chapter 7 debtor,[12] and she failed to object to Girod's Motion to Lift the automatic stay.[13]

The burden is on Appellant to show she is a "proper party to appeal."[14] Courts in the Fifth Circuit apply the "person aggrieved" test to determine a party's standing to appeal an order of a bankruptcy Court.[15] An appellant qualifies as a "person aggrieved" if

---

[5] *Heisler* Action, ECF No. 137.

[6] *Id.* at 1-2.

[7] *Heisler* Action, ECF No. 138. *See* R. Doc. 10-1 at 6.

[8] Creditor Henry L. Klein filed a response in opposition after the deadline on January 6, 2021, but this opposition was not adopted by Appellant. *Heisler* Action, ECF No. 158.

[9] *Heisler* Action, ECF No. 163 at 1.

[10] *Id.* at 1-2.

[11] *Heisler* Action, ECF No. 173.

[12] *Id.* at 7-9.

[13] R. Doc. 10-1 at 6-7.

[14] *Rohm v. Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994) (citing *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990)).

[15] *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004) (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n.18).

she was "directly and adversely affected pecuniarily by the order of the bankruptcy court."[16] The Fifth Circuit has explained why Chapter 7 debtors like Appellant rarely have bankruptcy standing:

> [A] debtor-out-of-possession will rarely have a sufficient interest to challenge a bankruptcy court order in a Chapter 7 proceeding. As the district court pointed out, when a debtor files for bankruptcy, his nonexempt property becomes part of the bankruptcy estate. *See* 11 U.S.C. § 541. In a Chapter 7 proceeding, a trustee is then appointed and that trustee typically liquidates all of the assets in the estate and distributes the proceeds to creditors. Further, "the general rule is that once a trustee is in a bankruptcy case, the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued."[17]

Courts have recognized limited exceptions to this general rule barring bankruptcy appeals by Chapter 7 debtors when: "(1) the debtor ha[s] a pecuniary interest in the result by way of a demonstrable surplus; (2) the trustee failed or refused to object to the claim or claims in question; and/or (3) the debtor's objection would not undermine the efficient administration of the estate."[18] Appellant has not shown that this appeal qualifies for any exception to the general rule.

Further, for the sake of judicial economy and efficiency, "prerequisites for being a 'party aggrieved' are attendance and objection at a bankruptcy court proceeding."[19] Appellant did not make an appearance at the January 6, 2021 hearing and did not file any opposition to Girod's Motion to Lift the automatic stay.

---

[16] *Id.* (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983). *See In re San Juan Hotel*, 809 F.2d 151, 154 (5th Cir. 1987) ("litigant qualifies as a 'person aggrieved' if the order diminishes his property, increases his burdens, or impairs his rights.").

[17] *In re Mandel*, 641 Fed.Appx. 400, 402 (5th Cir. 2016) (internal citations omitted). *See In re Cyrus II Partnership*, 358 B.R. 311 (Bankr. S.D. Tex. Jan 5, 2007) ("Generally, chapter 7 debtors are not considered persons with a pecuniary interest in the estate.").

[18] *In re Watson*, No. 03-13355, 2004 WL 3244420 at *1 (Bankr. W.D. La. Sept. 29, 2004) (citing *In re Choquette*, 290 B.R. 183, 187 (Bankr. D.Mass. Mar. 17, 2003)).

[19] *In re Camp Arrowhead, Ltd.*, 451 B.R. 678, 693 (Bankr. W.D. Tex. Mar. 21, 2011) ("These requirements reflect the need for economy and efficiency in the bankruptcy system. If a party fails to appear at a hearing or object to a motion or proceeding, it cannot expect or implore the bankruptcy court to address the issues raised by the motion or proceeding for a second time.").

Appellant is not a person aggrieved by the January 19, 2021 Bankruptcy Court Order because she holds no pecuniary interest in the bankruptcy estate, and she did not appear at the January 6, 2021 hearing or file an opposition to Girod's Motion to Lift the automatic stay. Accordingly, Appellant lacks the bankruptcy standing necessary to appeal the Bankruptcy Court's January 19, 2021 Order.

**IT IS HEREBY ORDERED** that Girod LoanCo, LLC's Motion to Dismiss[20] is **GRANTED**. Appellant's appeal of the Bankruptcy Court's January 19, 2021 Order Granting Relief from the Automatic Stay[21] is dismissed.

**New Orleans, Louisiana, this 11th day of May, 2021.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 10.
[21] *Heisler* Action, ECF No. 173.